**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AAREN WILLIAMS STRIPLIN, *Plaintiff,* v. DONALD J. TRUMP, *et al.*, *Defendants*. | Civil Action No. 24-1435 (LLA) |

**ORDER**

This matter, removed from the Superior Court of the District of Columbia, comes before the court on review of Plaintiff Aaren Striplin's pro se civil complaint.  ECF No. 1.  For the reasons explained below, the court will dismiss the complaint but grant Mr. Striplin leave to file an amended complaint by August 15, 2024.

While the exact nature of Mr. Striplin's claims are unclear, as best the court understands, Mr. Striplin brings this action for unpaid wages against Donald J. Trump, the U.S. Senate Impeachment Committee, and B.W.T., a minor.  ECF No. 1-2, at 1, 4.  Among other relief, he seeks $10,000.  *Id.*  The one-page handwritten statement of claim is filled with tightly spaced and largely illegible text.  *Id.* at 1.

Although complaints filed by pro se litigants are held to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), a pro se plaintiff must adhere to the Federal Rules of Civil Procedure, *Moore v. Agency for Int'l Dev.*, 994 F.2d 874, 876 (D.C. Cir. 1993).  Under Federal Rule of Civil Procedure 8(a), a complaint must contain "a short and plain statement of the grounds for the court's jurisdiction," "a short and plain statement of the claim showing that the pleader is entitled to relief," and "a demand for the relief

sought."   Rule 8 protects defendants, ensuring that they have fair notice of the claim brought against them and can adequately defend themselves.  *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977); *see* 5 Charles Alan Wright et al., *Federal Practice and Procedure* § 1281 (4th ed. 2024) ("Unnecessary prolixity in a pleading places an unjustified burden on the district judge and the party who must respond to it because they are forced to ferret out the relevant material from a mass of verbiage.").  "A 'confused and rambling narrative of charges and conclusions concerning numerous persons, organizations and agencies' does not comply with the requirements of Rule 8."  *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (quoting *Brown*, 75 F.R.D. at 499).

Mr. Striplin's indecipherable complaint fails to meet Rule 8's pleading standard.  *See Swint v. United States*, No. 23-CV-3881, 2024 WL 262796, at *1 (D.D.C. Jan. 23, 2024).  The court is unable to construe sufficient facts that would allow the court to discern the substance of Mr. Striplin's claims or to determine whether, if true, his allegations would entitle him to relief. *See Brown v. Wash. Metro. Area Transit Auth.*, 164 F. Supp. 3d 33, 35 (D.D.C. 2016).  The court will, therefore, sua sponte dismiss the complaint without prejudice and grant Mr. Striplin leave to file an amended complaint that complies with Rule 8 within thirty days.[1]

It is hereby **ORDERED** that Mr. Striplin's complaint is **DISMISSED** without prejudice; and it is further

**ORDERED** that, on or before August 15, 2024, Mr. Striplin may file an amended complaint consistent with Rule 8.  If he files an amended complaint, he should effect service on

---

[1] Any amended complaint must also comply with the service requirements in Federal Rule of Civil Procedure 4.

Defendants as directed by Rule 4, and file proof of service as required by Rule 4(l).  Otherwise,

the case will be dismissed.

        **SO ORDERED**.

/s/ Loren L. AliKhan
LOREN L. ALIKHAN
United States District Judge

Date: July 15, 2024